THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ DÍAZ JOHN, Defendant and Appellant.

No. 12377.   Argued February 11, 1948.—Decided February 13, 1948.

*Víctor Rivera Colón* for the appellant.   *Luis Negrón Fernández, Attorney General,* and *J. Rivera Barreras, Prosecuting Attorney of the Supreme Court,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

José Díaz John was charged in the District Court of San Juan with the crime of murder[1] for the death of Domingo Camacho.   He was convicted by a jury of voluntary manslaughter and sentenced by the court to serve eight years' imprisonment at hard labor.   Feeling aggrieved by this judgment, he appealed and alleges that the lower court erred:

---

[1] At the commencement of the trial the district attorney announced that he was going to present the case for murder in the second degree.

(1) because the government did not identify the deceased;
(2) because the penalty imposed is excessive and exaggerated;
(3) because the judgment is contrary to the evidence.

■ Appellant argues in his first assignment of error that the only evidence presented as to the identification of the victim was the testimony of Dr. Llovet, who performed the autopsy, and merely stated that he knew that the corpse was of Domingo Camacho because the policeman who had taken the latter to the hospital had told him so. If that had been the only evidence presented as to the identity of the deceased we would agree with appellant. However, Víctor Hernández testified that Domingo Camacho lived in the same room with him, that he witnessed the occurrence and saw when the defendant hit him with a stick and afterwards wounded him in the abdomen with a knife; that he helped the policeman carry him wounded to headquarters and later to the hospital where he died.

The testimony of the physician taken together with that of this witness sufficiently proved the identity of the corpse. *People* v. *Marrero* (a) *Moncho*, 41 P.R.R. 938 where we held, citing from the syllabus "Where the physician who performs the autopsy has no other means to identify the deceased than a report which he received from the watchman of the cemetery where the body lay, this evidence together with the testimony of other witnesses from which the identification of the body, as far as this is humanly possible, appears, is sufficient."

■■ The first error assigned was not committed. Nor was the second since the penalty of eight years imposed on appellant is within the maximum provided by § 204 of the Penal Code for the crime of voluntary manslaughter. There is nothing in the record to warrant our disturbing the discretion of the lower court in imposing said penalty, especially in a case like the present where, according to the evidence, the jury could have found him guilty of murder in the second degree. The evidence for the prosecution, uncon-

tradicted by the defendant, showed that the defendant after having an argument with Camacho, because the latter owed him seven dollars for room rental, struck him with a stick on the forehead first, and then when he fell to the ground wounded him with a knife; that at that moment Camacho was in a state of intoxication and defendant had been drinking also, but that Camacho did not attack or injure defendant in any manner whatsoever and was not carrying any weapon at all.

This evidence, believed by the jury, is sufficient to support the verdict and the sentence. Consequently, the third error was not committed either.

Judgment is affirmed.